RECEIVED
IN LAKE CHARLES, LA.

SEP 16 2013

TONY R. MOORE, CLERK
BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SOPHIE JOHNSTON | * | NO. 2:12-cv-01049-PM-KK |
| Plaintiff | * | JUDGE MINALDI |
| VERSUS | * | MAGISTRATE JUDGE KAY |
| CINCINNATI INSURANCE COMPANY | * | |
| | * | |
| Defendant | | |

*************************************************************************

## MEMORANDUM RULING

Before the court is a Motion in Limine to Exclude Evidence [Doc. 19-1] pertaining to (1) any evidence relating to Madeline Danahay's (Maddie) post-accident residence; (2) the introduction of prior custody orders regarding Maddie; (3) any evidence of or reference to Maddie's seat belt use; (4) any evidence of or reference to collateral source benefits; and (5) any anti-lawyer or anti-lawsuit questions, comments, or references, filed by Madeline Danahay and her mother, Sophie Johnston (plaintiffs).  The Cincinnati Insurance Company (defendant) timely filed a Memorandum in Opposition to Plaintiff's Motion in Limine to Exclude Evidence [Doc. 28], to which the plaintiffs filed a reply [Doc. 32].  For the reasons set forth below, the plaintiffs' motion is **GRANTED IN PART**, and **DENIED IN PART**.

### BACKGROUND

On March 16, 2011, Tyler Dean was operating a 1999 Ford Ranger in which Maddie was a passenger when Dean's failure to maintain control of the vehicle caused it to leave the

roadway, causing injuries to Maddie, including a fractured hip, and a fractured and dislocated leg, among others.[1]

The liability coverage provided by State Farm Mutual Automobile Insurance Company in this matter had a limit of $25,000.[2]  Plaintiffs, alleging that Maddie's injuries greatly exceeded the limits of this policy, sought coverage through the defendant insurance company under a policy held by Paul Johnston, Maddie's stepfather.[3]  Mr. Johnston is a resident of Lexington, Kentucky.[4]  The defendant denied coverage, arguing that neither Maddie, nor her mother, were residents of Paul Johnston's household, as required under the policy.[5]

Plaintiffs filed suit against Cincinnati in the Fourteenth Judicial District Court for Calcasieu Parish, alleging coverage under the Underinsured Motorist Coverage policy issued to Paul Johnston.[6]  The defendant removed the case to this court on May 2, 2012.[7]

The defendant filed a motion for summary judgment, which this court denied on July 8, 2013.[8]  Presently before the court is the Memorandum in Support of Plaintiff's Motion in Limine to Exclude Evidence [Doc. 19-1], which requests the exclusion of the five aforementioned items. Each request will be addressed in turn.

## I.    EVIDENCE OF THE MADDIE'S POST-ACCIDENT RESIDENCE

The plaintiffs request the exclusion of any evidence of Maddie's post-accident place of residence, including her employment at Walgreens in Sulphur, Louisiana, her attendance at McNeese State University, and details pertaining to her living situation at an apartment in Lake

---

[1] Pet. [Doc. 1-1], at ¶¶ 3, 4; Notice of Removal [Doc. 1-3], at ¶ 7.
[2] Pet. [Doc. 1-1], at ¶ 6.
[3] Mem. in Support of Pl.'s Mot. in Limine to Exclude Evidence [Doc. 19], at 1.
[4] Mem. Ruling [Doc. 17], at 2.
[5] Mem. in Support of Pl.'s Mot. in Limine to Exclude Evidence [Doc. 19], at 1.
[6] *Johnston v. Cincinnati Ins. Co.*, 2012-1551 (14th Dist. Ct. La. 4/11/12).
[7] Notice of Removal [Doc. 1].
[8] J. on Def.'s Mot. for Summ. J. [Doc. 18].

Charles, Louisiana.[9]  This request is predicated upon this court's statement in a prior ruling in this case [Doc. 17] on the defendant's Motion for Summary Judgment [Doc. 12] wherein this court stated that such evidence was "irrelevant to the inquiry [there], which [was] whether [Maddie] was a resident of Mr. Johnston's household at the time of her accident" for purposes of determining coverage under the insurance policy.[10]

The defendant counters the plaintiffs' assertions by arguing that the plaintiffs' request would prevent the defendant from presenting relevant evidence at trial on the issue of damages.[11] The defendant points out that the plaintiffs' petition seeks damages for: "(1) loss of earning capacity, (2) loss of enjoyment of life, (3) physical pain and suffering, (4) inconvenience and aggravation, (5) mental anguish and emotional damages, and (6) any other damages that may be established at trial."[12]  The defendant asserts that in order to present a defense to the plaintiffs' claim for damages, the defendant should be permitted to present evidence regarding Maddie's "ability to work, her activity level, and her planned pursuit of a college degree."[13]

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.  Both parties acknowledge that the type and degree of damages incurred, if any, will be at issue at trial.[14]  The disputed evidence herein—evidence of Maddie's post-accident residence and activities—is clearly capable of informing a jury's decision-making with regard to the assessment of damages.  Maddie's earning capacity, ability to attend school, to

---

[9] Mem. in Support of Pl.'s Mot. in Limine to Exclude Evidence [Doc. 19-1], at 2-3.
[10] *Id.* (citing Mem. Ruling [Doc. 17], at 9, n.11.
[11] Mem. in Opp'n to Pl.'s Mot. in Limine to Exclude Evidence [Doc. 28], at 2.
[12] *Id.*; Pet. [Doc. 1-1], at ¶ 5.
[13] Mem. in Opp'n to Pl.'s Mot. in Limine to Exclude Evidence [Doc. 28], at 3.
[14] Pl.'s Pretrial Statement and Witness and Ex. List [Doc. 25], at ¶ 5; Def.'s Pretrial Statement [Doc. 26], at ¶ 5.

work, to live on her own and care for her person are all important pieces of information that speak directly to the specific damages sought in the plaintiffs' petition.

If the court were to entirely prevent the introduction of any evidence of post-accident activities, it is unclear how exactly the plaintiff would be able to prove damages.  It would also largely prevent the defendant from offering any defense as to damages.  Accordingly, the plaintiffs' request that evidence of Maddie's post-accident residence and activities is hereby **DENIED**.

Nevertheless, the plaintiff is correct in asserting that such evidence of post-accident activities is irrelevant to the inquiry as to whether the plaintiff was a resident of Mr. Johnston's household at the time of the accident.  The court stated as much in its previous Memorandum Ruling in this case.  [Doc. 17].  Thus, if the plaintiffs' counsel would like to request a jury instruction that such evidence of post-accident activity may not be considered by the jury for purposes of determining coverage under the policy, they are welcome to do so when they submit their proposed jury instructions to the court.

## II.   THE PLAINTIFF'S CUSTODY ORDERS

The plaintiffs next argue that Maddie's child custody orders should be excluded under Federal Rule of Evidence 403 as they are likely to mislead and prejudice the jury.[15]  As plaintiffs state, "an 'order' can easily be misunderstood as the definitive statement of Maddie and Sophie's residence . . . simply because the orders are signed by a judge."[16]

The defendant opposes the motion to exclude the custody orders, noting that the plaintiffs do not dispute the relevancy of the orders; rather, the plaintiffs only assert that the orders are so

---

[15] Mem. in Support of Pl.'s Mot. in Limine to Exclude Evidence [Doc. 19-1], at 3-4.
[16] *Id.* at 4.

prejudicial as to justify exclusion.[17]   The defendant also argues that the plaintiffs' argument is inconsistent in that the plaintiffs justify the exclusion request by noting that an "order" can easily be given an improper amount of weight by a jury, but the plaintiff nevertheless requests that the court exclude "any family court custody documents," not limiting their exclusion request only to orders.[18]   The defendant also suggests, in the alternative, that the court either limit the admissible custody-related documents to (1) the Joint Custody Plan, filed February 23, 2009; (2) the Mediation Order re: Relocation and Plan Modification, filed April 15, 2010; (3) the Stipulated Judgment on Rules, filed November 10, 2010 [Doc. 12-8]; and (4) the Consent Judgment, filed August 15, 2011 [Doc. 12-9], or simply cure any perceived prejudice with a jury instruction.[19]

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.  The crucial term in an inquiry under Federal Rule of Evidence 403 is "*substantially* outweighed." (emphasis added).  As "all probative evidence is by its very nature prejudicial," *United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999) (citing *United States v. Bermea*, 30 F.3d 1539, 1562 (5th Cir. 1994)), evidence "should be excluded 'sparingly' and only in those circumstances where the prejudicial effect substantially outweighs the probative value." *Id.* (citing *United States v. Leahy*, 82 F.3d 624, 637 (5th Cir. 1996)).

In its prior Memorandum Ruling [Doc. 17], this court rejected the defendant's argument that, under *Chapman v. Allstate Ins. Co.*, 306 So. 2d 414 (La. App. 3 Cir. 1975), the plaintiffs' residence should be entirely determined based on the order of the Fourteenth Judicial District

---

[17] Mem. in Opp'n to Pl.'s Mot. in Limine to Exclude Evidence [Doc. 28], at 4.
[18] *Id.* at 5; Mem. in Support of Pl.'s Mot. in Limine to Exclude Evidence [Doc. 19-1], at 4.
[19] Mem. in Opp'n to Pl.'s Mot. in Limine to Exclude Evidence [Doc. 28], at 5.

Court.[20] This was based on a complete reading of *Chapman*, wherein the Louisiana Third Circuit noted that a determination of the son's legal residence pursuant to the previous court order awarding custody to Mrs. Chapman was not the end of the residence inquiry, as the child may still have been found to have been a resident of his father's house if, for instance, he had actually lived there. *Chapman*, 306 So. 2d at 416. Thus, the custody orders, while not necessarily dispositive of the issue of residency, are certainly relevant to the residency determination.

A determination of whether or not the plaintiff was a resident of Mr. Johnston's household at the time of the accident is central to the adjudication of this case. However, the plaintiffs' concerns regarding the gravity of a judicial order in the minds of the jurors are legitimate. Moreover, the defendant's proposed solution of limiting the admissible documents to only those previously mentioned would do little to ameliorate the situation, as even stipulated judgments and consent judgments bear a judicial signature and language such as "ordered, adjudged, and decreed" by the issuing court. As such, the court finds that the plaintiffs' Motion in Limine to Exclude Evidence is **DENIED** as to the custody orders in question. The plaintiffs may, however, request a jury instruction to the effect that such orders are not in and of themselves dispositive of the residency issue, per the prior ruling of this court.

### III.   MADDIE'S SEAT BELT USE

The plaintiffs move that Maddie's failure to wear her seat belt at the time of the accident be excluded pursuant to LA. REV. STAT. ANN. § 32:295.1(E), which states that,

> [i]n any action to recover damages arising out of the ownership, common maintenance, or operation of a motor vehicle, failure to wear a safety belt in violation of this Section shall not be considered evidence of comparative negligence. Failure to wear a safety belt in violation of this Section shall not be admitted to mitigate damages.

---

[20] Mem. Ruling [Doc. 17], at 12.

As the plaintiffs and the defendant agree as to the exclusion of this evidence, and such exclusion is consistent with the policy determination made by the Louisiana legislature in this regard, the plaintiffs' motion is **GRANTED** as to evidence of Maddie's seat belt use. Any evidence of her failure to wear a seat belt at the time of the accident shall be inadmissible at trial.

### IV.    COLLATERAL SOURCE BENEFITS

The plaintiffs next move to have the collateral source rule applied to this case which would prevent the admission of any evidence as to collateral benefits received by Maddie, such as her health insurance, for instance.[21] "The collateral source rule is a common law doctrine, adopted by [the Louisiana Supreme Court], under which an 'injured plaintiff's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution.'" *Benoit v. Turner Indus. Group, L.L.C.*, 85 So.3d 629, 643 (La. 2012) (citing *Bozeman v. State*, 879 So. 2d 692, 698 (La. 2004)).

As this aspect of the plaintiffs' motion is not contested by the defendant,[22] and is consistent with law, the plaintiffs' motion is hereby **GRANTED** as to the exclusion of collateral source evidence.

### 5. ANTI-LAWYER AND ANTI-LAWSUIT COMMENTS

In the plaintiffs' final request for exclusion, the plaintiffs seek to prohibit the defendant from making "anti-lawyer or anti-lawsuit references, comments, or questions at trial."[23] The defendant agrees with such exclusion,[24] and the court agrees with the plaintiffs that such assertions are unnecessarily inflammatory and should be excluded.

The plaintiffs' motion as to anti-lawyer rhetoric at trial is hereby **GRANTED**.

---

[21] Mem. in Support of Pl.'s Mot. in Limine to Exclude Evidence [Doc. 19-1], at 5-6.
[22] Mem. in Opp'n to Pl.'s Mot. in Limine to Exclude Evidence [Doc. 28], at 1.
[23] Mem. in Support of Pl.'s Mot. in Limine to Exclude Evidence [Doc. 19-1], at 6.
[24] Mem. in Opp'n to Pl.'s Mot. in Limine to Exclude Evidence [Doc. 28], at 1.

## CONCLUSION

For the foregoing reasons, the plaintiffs' Motion in Limine to Exclude Evidence is **GRANTED IN PART**, and **DENIED IN PART**.

The Motion is **GRANTED** as to the plaintiffs' request for the exclusion of evidence pertaining to Maddie's seat belt use, any collateral source benefits, and any anti-lawyer or anti-lawsuit rhetoric at trial.

The Motion is **DENIED** as to the plaintiffs' request for the exclusion of post-accident evidence, as such evidence may be admissible to aid the jury in the determination of damages. The Motion is also **DENIED** as to the plaintiffs' request for the exclusion of Maddie's custody orders, as such orders may be admissible to aid in the determination of Maddie's residence at the time of the accident.

Lake Charles, Louisiana, this __16__ day of __Sept__ 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE